McLean v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        DENNY CHIN,
        SUSAN L. CARNEY,
         *Circuit Judges.*

---

Lenroy McLean,

        *Petitioner-Appellant*,

    v.                               12-2900

Eric H. Holder, Jr., United States Attorney General,
Terrell Duke, Warden,

        *Respondents-Appellees*.

---

FOR APPELLANT:      Lenroy McLean, *pro se*, Big Spring, Texas.

FOR APPELLEES:      Varuni Nelson & Margaret M. Kolbe, Assistant United States Attorneys, Of Counsel; *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York; Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court's June 28, 2012 judgment is **AFFIRMED**.

Lenroy McLean, *pro se*, appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241. *See, e.g., Sash v. Zenk*, 428 F.3d 132, 134 (2d Cir. 2005). Our review of the written findings resulting in a disciplinary ruling leading to the loss of good time credits is limited to whether the ruling is supported by "some evidence." *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 455 (1985). "This standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citation and quotation marks omitted).

Here, the disciplinary ruling is supported by some evidence. Contrary to Appellant 's argument that he was merely present when several Rastafarian inmates protested a ceremonial meal, the chaplain's report indicated that Appellant asked several questions during the confrontation, and refused to leave the chapel when told that the menu would not be changed. This case is not analogous to *Zavaro v. Coughlin*, 970 F.2d 1148 (2d Cir. 1992), in which the evidence placed the plaintiff among approximately 100 inmates in a mess hall during a disturbance, but did not indicate that the plaintiff participated in the disturbance. Here, the specific allegations about Appellant's conduct are sufficient to meet the "some evidence" standard. *See Sira*, 380 F.3d at 69.

To the extent Appellant asserts a First Amendment violation or that he was denied due process, he waived those issues by not raising them below.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (holding that where a party "advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (internal quotations omitted; ellipses in original)).

For the foregoing reasons, the district court's June 28, 2012 judgment is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk